Mr. Roach. Thank you your honor. May it please the court. Juan Roach on behalf of the petitioner Ms. Garibaldi. This court should remand this case to the Board of Immigration Appeals to allow the court to consider whether Ms. Garibaldi is eligible for 42B cancellation of removal. The first question for the panel is whether the court has jurisdiction to review this case. The answer that I've spelled out in the briefs is that the court does. This court has routinely held or retained jurisdiction over immigration cases in which the petitioner has never filed a motion to reopen or a motion to reconsider and the reason that is is because as the court explained in Noriega-Lopez that is the there is no statutory right or as a matter of right non-citizens do not have or I should say the BIA is only discretionary for them to consider the motion to reopen. It's not a statutory right and because of that it's not a remedy that has to be exhausted. The statute says that our review is limited to the administrative record and that remedies have to be exhausted so how can we do anything with ineffective assistance when none of the materials on which it's based were presented to the BIA? Well as I was as I was explaining your honor the administrative exhaustion is not required in this case as I said because the court has routinely held jurisdiction or retained jurisdiction in many cases in which an alien does not follow a motion to reopen or a motion to reconsider so the case law is there that that that is an exception to the exhaustion requirement but even if the the court is required or that the petitioner was required to file not just the exhaustion requirement we're also limited to the administrative record. None of these materials as I understand it that you're relying on are in the administrative record is that right? That's right I filed a motion for judicial notice so that's certainly outside the administrative record but the I think the bulk of the information that I outlined or spelled out in the briefs clearly is found in the administrative record. There's whether when Miss Garibaldi was informed when she retained Mr. Pope these are all the things that are clearly in the administrative record. Also her appellate counsel's lack or failed look failure to file a petition with the Board of Immigration Appeals and he clearly didn't read the administrative record because he would have realized that the petition had never been filed with the immigration judge. Are you speaking of Mr. Pope? I do not recall how his name... He had a whole series of lawyers and it appears, counsel just a second, it appears from the difficult time getting in touch with her this thing has been going on for 10 years and and she just was absent essentially from her counsel and from anything else having to do with this case. Well your honor there's no record here or evidence that she has she failed to present herself at all her immigration appearances. Second as the record shows this case was administratively closed for two maybe three years so there was no action done. Mr. Pope was retained I believe in July of 2011 and in December 12 2012 he told the court that he would file an application for cancellation of removal and he had five years to do that and he never did and then he filed a motion to continue the individual hearing in October of 2017 eight days before the individual hearing in which he told the court that Miss Garibaldi had another collateral matter that she had to attend to so he was clearly in communication with her. All of this is in the administrative record so that's why... Let me interject a question that was on my mind and it's this in view of the fact that your client has many children born in the U.S. and that some types of I was wondering whether there was any motion to reopen pending before the BIA before the BIA at this time. I know your honor there wasn't and I want to explain that because I know the government raises that issue in their answering brief and the reason is that the 8 CFR 1003.2 spells out what the requirements are for a motion to reopen and none of those apply to my client because for one the 90 days had already expired for her. I recall that she pro se filed a petition for review with this court and because she's uninitiated she wasn't sure of how to proceed with an opening brief and even this court gave her an additional 35 days and she still wasn't sure what to do until she contacted my office and then we filed a motion an emergency motion for stay of removal so the 90 days is is required in the statute. Two it says that if the the alien must show that they're statutory eligible the whole issue of eligibility was an issue that was discussed at the immigration judge whether the underlying conviction from 2009 was a crime involving oral turpitude. Third the record the statute says or the code says that it must be that it could have been found in the record or new material evidence and her appellate attorney I believe his name is Mr. Obese he failed to even look at the record so the Board of Immigration Appeals would likely have denied any motion to reopen based on those factors that it's like well this could have been discovered by appellate counsel it's past 90 days and the government is contended she's not eligible for cancellation of removal so the motion to reopen was not something that she even if she had to do that she was required to do under these circumstances I mean in addition to that we have all in our briefs we've alleged this is a due process because the failure of her counsel's both her immigration trial counsel and her immigration appellate counsel failed to file not only an application but even a brief despite telling the court that they were going to do so and even explain what the issues were that they have planned to raise so that's why here that the motion to reopen here was not a valid remedy here but even if it was required as I said before the case law in this circuit has said that they're not the petitioners are not required to do that because as a matter of right it's not statutory it's discretionary and that's what makes this case different and I think that that that's why the court does have jurisdiction and the court should address the merits of the application even if this court were to deny the motion for judicial notice it doesn't take away from the fact or minimize the record before the court that mr. Pope having the case for five years failed to file an application and her attorney then said yeah the IJ was wrong and finding that she was ineligible when the IJ never made such a finding so clearly if he had looked at the record he would have actually said hey failure to file a counsel and would have then proceeded with the the motion to reopen or file that on appeal I'm not sure but what we do know that he didn't do any of those things so she was ineffectively represented at every stage of the proceeding and so she found herself in this situation but it was not her doing that she was not in touch with her counsel I think the administrative record clearly shows that she was in touch with them I have your honor to that's fine but if so I have one more question yes your honor and I'll end up giving you extra two minutes what I wanted to know is isn't that aren't there some circumstances where a motion to reopen can be filed more than 90 days after a decision for exceptional circumstances or other reasons then the reason I'm asking is that if if your client had sought to reopen and they had reopened you would be able to make a record of everything you want to say but the problem is now you're making a record verbally of what you want to question about I'm assuming that your honor it means equitable tolling and yes it's certainly a non-citizen could have filed motion to reopen beyond the 90 days with equitable tolling but I think the circumstances in this case which are different for example I believe was the same case is that here my client was representing herself pro se at this point she didn't know what the rules were whatsoever so it's it's I think the court should take that into account that she wasn't being represented by counsel so she wasn't aware of what the equitable tolling rules were about but even assuming that when I came on to the case I suppose I could have filed a motion to reopen and state that these proceedings pending a decision from the BIA but as I've already said the reasons that was not done is because based on the ACFR 1003.2 none of those factors apply here she was advised of her relief she was beyond 90 days there was questions about even her eligibility so that was not an issue and therefore that way that's why the council never filed a motion to reopen but again it doesn't have to because this court has routinely retained jurisdiction over these cases especially when they're asserting a due process right okay thanks mr. Roshi you've answered my question for planning purposes you can make a two minute rebuttal after miss Whitaker makes her argument so we'll turn to the government respondent now thank you very much may it please the court my name is Kristen Whitaker and I'm here on behalf of the Attorney General of the United States this court should deny in part in dismissing remaining part petition for review to the extent that it seeks review of the board's dismissal of miss Garibaldi's administrative appeal miss Garibaldi does not address let alone contest any aspect of the board's decision and therefore abandons any challenge to the board's determinations notwithstanding that waiver and the government's objection the record supports the board's conclusions where miss Garibaldi did not file any applications and she failed to establish good cause for a six continuance now if the court doesn't have any questions about that aspect of the review petition I'll go ahead and I do what what what is your response now he says that mr. Pope just sat on this thing for five years and he had made a made a representation which I think he did that he intended to file and then he didn't file now his I understand that he said that you know he was going to file but then he couldn't get a hold of her and then she had apparently some petition file against her to possibly remove her children because she had the child abuse conviction and I I don't know what else happened there it's not that the record is so thin but I think that essentially saying that she was grossly misrepresented here and that somehow should affect our ruling well I think that you hit the nail on the head previously when you're asking counsel about her communications with the attorney with her former attorneys based on the record that we have before us we don't know the scope of the representation we don't know the attorney and based on the record her attorney said that she wasn't in contact with her although she may have been in contact in regards to the child custody case relating to the child abuse conviction we don't know anything else from the record and so that's why it's important that the matter would be exhausted outside of that based on the record that we have the board and the immigration judge didn't abuse its discretion in denying a continuance because there was no good cause presented for a continuance more for her do you agree that she could file a motion to reopen now beyond the 90 days so she could develop a record on this she most certainly can file a motion to reopen there is equitable tolling well I shouldn't presume what the board will say but there is the option that you can can be entitled to equitable tolling if you show that you were unaware of counsel's ineffectiveness and that you exhibited diligence in trying to ascertain that ineffectiveness so most certainly she can file a motion to reopen respectfully counsel indicated in the reply brief that the board didn't have jurisdiction to reopen the case respectfully that that's legally incorrect the regulations indicated the board may reopen any case in which it has rendered a decision there's stone the INS and I believe it was Castello Perez a case the petitioner had the petitioner had a pending motion to reopen regarding ineffective assistance of counsel and a pending petition review petition for review before the court regarding ineffectiveness and they were allowed to proceed simultaneously so and also the movie waters recognizes the board's authority to be able to reopen a case when it comes to motions to reopen for ineffective assistance of counsel so she most certainly can seek you know a file a motion to reopen we have no idea how the board would rule and though miss Garibaldi comes before the court and says that she would be deprived of her rights it does it doesn't stop with the board let's say for instance if the board found that there was and that she didn't you know exhibit diligence or she didn't satisfy a lazada procedural requirement or something that she found fault with she can still seek review before this court but if the court doesn't mind I'll go into the second portion of the government's argument and that is that the court should dismiss the remaining part the review petition because it lacks subject matter jurisdiction of Miss Garibaldi's unexhausted claims now Baron B Ashcroft found that under 8 USC 1252 that the petitioners due process claim was unexhausted and therefore they lack subject matter jurisdiction of it in that case it noted that there are procedural due process claims that must be exhausted before the agency and I know that this okay or the court has case law in which they have concluded that a motion to reopen is not a remedy as of right and that case law has been in place since as early as 1992 but there has been there have been multiple cases since then Baron B Ashcroft Ortiz B INS Vilches B Holder Luvy Waters in which the court has found that it's lacked jurisdiction subject matter jurisdiction to consider unexhausted claims and I think the court also raised a good point that we can't review the extra record documents here because it wasn't presented before the agency so I also wanted to note to the court Miss Garibaldi relies on the decision Hernandez Mendoza in support of her argument the court lacks jurisdiction over or excuse me retains jurisdiction over the ineffectiveness claim however the government wants to clarify although the government indicated that that was good law upon in preparing for oral argument I realized though it's included in the Federal Register the third series it's actually unpublished it's not precedent and it's not binding on the court outside of Hernandez Mendoza and the only other precedent I could find in which the cases or 1326 proceedings in which the ineffectiveness occurred at least in part after the agency proceedings had completed and they were deprived of judicial review before the federal courts of appeal so we have like Derringer Hernandez Mendoza was withdrawn from the bound volume so Hernandez if you look at the end of the decision and actually says it's not precedent I just recently discovered it so it's it's it's within the Federal Register but the actual decision itself says that it's not precedent according to the Ninth Circuit rules I'm sorry I just recently discovered this and so it's not binding on the court and if you look at the actual citations to the decisions courts themselves are a bit confused like the Third Circuit cited to it as precedent but then if you look at district court citations to it they have a question for you yes your honor there to some things mr. Roka said and that you said if mr. Roka were to change his mind on behalf of his client and to file a motion to reopen before the BIA would the Department of Justice oppose the filing of that motion or would it be neutral or would it agree that he should file be able to file the Department of Justice believes that he should file a motion to reopen as to whether the motion itself would be opposed I can't speak on behalf of the Department of Homeland Security I don't know what their position would be there are equities in this case and as you pointed out you would look at the equities like the the children involved criminal convictions we know for you know there are a couple of criminal convictions at play here there's just multiple factors but I you know I can't speak to how the Department of Homeland Security well would what their position would be assuming that assuming that we were to agree with you on the on the that he would still be entitled to file his motion to reopen because he took the position that he couldn't but your position is that he could the board has the authority to reopen a case and so he can definitely file a motion to reopen I can't guarantee what the board's result would be but that doesn't that shouldn't stop the court from following the statute and it's click baseball and either requiring as a matter of jurisdiction that miss Garibaldi exhaust her claims or under the doctrine of prudential exhaustion in require requiring her to exhaust her claims I know that miss Garibaldi refer to some cases like Noriega and Castillo and in those cases is important important to note that the board in some fashion erred they took notice of facts there was a change in the law or legal memorandum and the board's position was clear and so they felt that there was no need to send it back to the board and the court could already adjudicate the issue and so we don't have that circumstance here it's not a foregone conclusion we don't have a full record and looking to Puga applying the factors the board is fully competent to evaluate this issue they are well versed in the practices of immigration in an immigration attorneys and they should be able to evaluate the claim in the first instance and I should also know oh sorry go ahead I'll give you extra time if you want it but I have a related question if mr. Roco were to file a motion to reopen and the government Department of Justice did not oppose it but the board declined to reopen for whatever reason certain factors you've mentioned or is that reviewable by our court if the board denies it on the basis of you know she failed to show that she was entitled to equitable tolling or she didn't meet certain lazada procedural requirements yes this court has repeatedly reviewed those issues and said you know whether they were reasonably reviewed under an abuse of discretion standard so yes your honor I think judge Gould because that was the exact question I was gonna ask and then as for my last one I would just say that the government stresses that it doesn't believe it or the court can actually evaluate this claim without contravening Supreme Court precedent you know Paul vegan up Gonzales Ventura Chenery and so we ask this court to deny in part the petition for review or just and dismiss it in part or if the court finds that it has jurisdiction to deny in its entirety and require miss Garibaldi to exhaust her claims before the agency thank you you're welcome mr. Roca you get two minutes for rebuttal okay you don't need to use it if you don't want to no I would thank you your honor so quickly given my time constraint the panel asked about mr. Pope and communication with miss Garibaldi the record is clear that he was retained in July of 2011 on December 12 2012 he told the court that an application for cancellation had been filed right who knows how he based that but he told the court that not only once but several times it wasn't until 2017 on the eve of her merits hearing that he realized that none had been filed in fact he was unnoticed by both the and the immigration court that they had no such application on file yet he assured them that one had been filed and that he would provide the court with a copy before the individual hearing that's all in the record there's nothing extra dish extra judicial about that second with respect to equitable tolling certainly like I said and in my opening remarks that's certainly an option but it's not an option in this case because if you look at the ACF bar 1003.2 it says it shall state new facts have an application for relief not granted unless it appears to the board at the evidence side to be offers material it could not have been discovered not granted if it appears that the alien right alien was given the right to apply for such relief and was fully explained to him about those opportunities um these all the things these are the things that never happened oh I'm sorry the third prong she was it was beyond the 90 days and again there was issues about whether she was even eligible for cancellation that's in the record so that was not a viable option there counsel counsel excuse me on the one hand you're arguing that equitable tolling wouldn't be available to her because she somehow knew about these things and on the other hand you're saying all these lawyers malpracticed her and she didn't know anything about these deadlines I mean which is it she either knew or she didn't know no she she didn't know there was equitable tolling didn't know even under your rubric she would still be in a position to make that argument before the board right I suppose she could make the argument what I'm saying that there's no need to do that I'm sorry that she the board is likely to deny that because of the requirements in the CFR for a motion to reopen she doesn't meet them so the court would deny them so that's why that's the remedy that wasn't available or could be not could not be available to her so again yes certainly equitable tolling could be but in this case I believe that that's given the CFR would not be a viable option for her and then lastly your honor I know that government counsel says that Hernandez Mendoza is simply persuasive or I should say is not authoritative so it's not binding on the court while that may be the case there's still Noriega versus Lopez there's Alvarez so there's a host of other cases that actually do give the court authority to retain jurisdiction and to review the merits of effective a sense of counsel plan so with that we submit the case thank you mr. Roper this case has been nicely argued on both sides we appreciate the advocacy at this point Garibaldi versus Garland shall be submitted and counsel will hear from us in due course
judges: GOULD, COLLINS, Ezra